**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

No. 03-4710

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHN ALBERT THOMPSON,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Lacy H. Thornburg, District Judge. (CR-01-84)

———————

Submitted: June 24, 2004          Decided: June 29, 2004

———————

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Randolph M. Lee, Charlotte, North Carolina, for Appellant. Robert James Conrad, Jr., United States Attorney, Brian Steven Cromwell, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

John Albert Thompson pled guilty without a plea agreement to bank robbery and bank larceny, 18 U.S.C.A. § 2113(a), (b) (West 2000 & Supp. 2004), charges arising from his participation in a robbery of the Central Carolinas Bank in Monroe, North Carolina, on May 3, 2001. He was charged separately with conspiracy to commit bank robbery, 18 U.S.C. § 371 (2000), and pled guilty to that offense pursuant to a plea agreement. Thompson's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the government breached the plea agreement by its failure to move for a downward departure for substantial assistance, U.S. Sentencing Guidelines Manual § 5K1.1, p.s. (2002), but asserting that, in his view, there are no meritorious issues for appeal.[*] Thompson has been informed of his right to file a pro se supplemental brief and has chosen not to file a brief. We affirm the convictions and eighty-four-month sentence.

Thompson's plea agreement for the conspiracy count provided that the government, "in its sole discretion," would determine whether Thompson's assistance was substantial and, if his assistance was deemed substantial, the government "may make a

_____

[*]Pursuant to the plea agreement, Thompson waived the right to appeal his sentence for the conspiracy conviction, but reserved the right to raise issues involving prosecutorial misconduct and ineffective assistance of counsel.

- 2 -

motion" for a downward departure based on his substantial assistance. At the sentencing hearing, the government informed the district court that it would not move for a substantial assistance departure because Thompson's assistance was still ongoing. Because the agreement did not obligate the government to move for a departure, the district court was without authority to compel a motion unless Thompson demonstrated that the government's failure to file the motion resulted from an unconstitutional motive or was not rationally related to a legitimate government end. United States v. Butler, 272 F.3d 683, 686 (4th Cir. 2001) (internal quotation and citation omitted). Thompson did not attempt to make this showing.

Pursuant to Anders, this court has reviewed the record for reversible error and found none. We therefore affirm the conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED